**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 5, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

KEVIN LEE ANTONE,

     Defendant - Appellant.

No. 11-1315
(D.C. No. 1:10-CR-00352-REB-1)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

---

Defendant-Appellant, Kevin Antone, pled guilty to assaulting a federal officer, 18 U.S.C. § 111(a)(1) and (b), and was sentenced to 92 months' imprisonment and three years' supervised release. 1 R. 84. On appeal, he claims that the sentence is both procedurally and substantively unreasonable. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(2), and affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

<u>Background</u>

On February 27, 2010, Mr. Antone was serving a sentence for two non-violent felonies at the Federal Correctional Complex in Florence, Colorado. Aplt. Br. 5. At approximately 1:02 p.m., Kathy Aitken, a federal correctional officer, was on duty in the C-A unit supervising an "inmate move." <u>Id.</u> at 6. Mr. Antone entered the C-A unit without permission and when Officer Aitken tried to identify him, he "struck her in the facial area several times." 1 R. 41. She activated her body alarm and fled into a common area of the C-A unit. Mr. Antone followed her, picked up a plastic chair, and threw it in her direction. Aplt. Br. 6. The chair did not hit Officer Aitken, and Mr. Antone was quickly restrained by other officers. Mr. Antone "appeared to be under the influence of intoxicants" at the time of the assault. 1 R. 41. In fact, a breathalyzer test administered nearly three hours after the assault showed a blood-alcohol content of .197 percent. 4 R. 32. Surveillance cameras captured the entire assault.

On September 17, 2010, the court accepted Mr. Antone's plea to the indictment and deferred acceptance of the plea agreement pending consideration of the presentence report. 1 R. 11, 13. Prior to sentencing, Mr. Antone objected to the application of dangerous weapon and official victim enhancements. 1 R. 31-37. He also argued that U.S.S.G. § 2A2.4 (obstructing or impeding officers) should apply instead of § 2A2.2 (aggravated assault). 1 R. 45-54; 3 R. 55-63. On June 23, 2011, he was sentenced.

Discussion

We consider Mr. Antone's procedural and substantive unreasonableness claims in turn.

A.    Mr. Antone's Sentence Was Procedurally Reasonable

"A court may commit procedural error in imposing a sentence by failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." United States v. Koufos, 666 F.3d 1243, 1254 (10th Cir. 2011) (internal quotations omitted).  While the standard for reviewing the district court's choice of the most analogous guideline has been stated in different ways, see United States v.  Halliday, 665 F.3d 1219, 1222-23 (10th Cir. 2011), we review "de novo to the extent [the decision] rest[s] on legal bases, and for clear error to the extent [it] rest[s] on factual findings."  Id. at 1223.

The comments to U.S.S.G. § 2A2.2 define "aggravated assault" as "a felonious assault that involved (A) a dangerous weapon with intent to cause bodily injury (i.e., not merely to frighten) with that weapon; (B) serious bodily injury; or (C) an intent to commit another felony."  U.S.S.G. § 2A2.2, cmt. n.1.  A dangerous weapon can include "any instrument that is not ordinarily used as a weapon (e.g., a car, a chair, or an ice pick) if such an instrument is involved in the offense with the intent to commit bodily injury."  Id.  Mr. Antone argues that

his extreme intoxication negated his specific intent to cause bodily injury with the chair. Aplt. Br. 17-20. He further argues that the district court could not merely rely upon the chair incident to conclude that he had the requisite specific intent.

We disagree. The district court found that "the degree of both mental and physical coordination required to perform [the] actions before, during and after the assault belie [Mr. Antone's] claim that he was so incapacitated by alcohol that he could not form the requisite specific intent in these circumstances." 3 R. 76. Similarly, the district court stated, "I can tell from the manner in which the chair is lifted, hefted and thrown at the victim, that Mr. Antone intended not only to hit her but to hurt her. I will have nothing to do with the suggestion that he simply threw this chair at her to frighten her." 3 R. 80. The district court's view is corroborated by the surveillance video, which shows Mr. Antone chasing after Officer Aitken after hitting her and throwing the chair in her direction. 1 Supp., CA Unit Camera 133, 3:47. In the video, Mr. Antone appears to have control of his actions and no difficulty with coordination. Likewise, Mr. Antone displayed no signs of difficulty walking and easily scales a concrete wall and railing in a video just before the assault. 1 Supp., CA Unit Camera 028, 1:39-2:55. Finally, his actions prior to throwing the chair, which include hitting Officer Aitken in the face with his fists, suggest that he intended to injure her. The district court did not err in finding that Mr. Antone had the requisite specific intent to commit bodily injury, and concluding that U.S.S.G. § 2A2.2 should apply to his offense.

B.    Mr. Antone's Sentence is Not Substantively Unreasonable

When evaluating the substantive reasonableness of a sentence, this court affords "substantial deference to the district court, and determine[s] whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." United States v. Balbin-Mesa, 643 F.3d 783, 788 (10th Cir. 2011). A district court "abuses its discretion when it renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable." United States v. Sells, 541 F.3d 1227, 1237 (10th Cir. 2008). Sentences falling within the properly calculated guideline range are entitled to a rebuttable presumption of reasonableness. United States v. Soto, 660 F.3d 1264, 1269 (10th Cir. 2011).

Mr. Antone argues that the district court placed too much weight on the advisory guideline range, and too little weight on the nature of the offense under 18 U.S.C. § 3553(a)(1). Aplt. Br. 26-28. He argues that he committed the offense while extremely intoxicated and that no injury occurred, at least when he threw the chair. Based on the transcript of the sentencing hearing, however, the district court carefully considered the nature of the offense. It noted that the assault did produce bodily injury, and that it was against a correctional officer, which "transcends a mere assault on a person" by attacking "the safety and security of [the] institution . . . ." 3 R. 82. It took care to reference what it observed in the surveillance videos, as well.

Mr. Antone has done little to rebut the presumption of reasonableness of his sentence, which falls within the guidelines range. 1 R. 90. Therefore, the sentence was not substantively unreasonable.

AFFIRMED. We grant Mr. Antone's unopposed motion to supplement the record with the surveillance footage.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge