FILED
United States Court of Appeals
Tenth Circuit

**August 22, 2012**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JUAN DESHANNON BUTLER,

Defendant - Appellant.

No. 12-5050

(N.D. Oklahoma)

(D.C. No. 4:05-CR-00004-CVE-1)

**ORDER AND JUDGMENT**[*]

Before **MURPHY, ANDERSON,** and **HARTZ,** Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant and appellant, Juan Deshannon Butler, appeals the denial of his motion under Fed. R. Crim. P. 36 to make changes to his judgment of conviction.[1] For the following reasons, we affirm that denial.

## BACKGROUND

In 2005, a jury found Butler guilty of possessing a firearm and ammunition following a felony conviction, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). After he was found to be an armed career criminal, pursuant to 18 U.S.C. § 924(e)(1), Butler was sentenced to 180 months imprisonment, the statutory mandatory minimum sentence under the Armed Career Criminal Act ("ACCA"). Our court affirmed that conviction on direct appeal. United States v. Butler, 485 Fed. Appx. 569 (10th Cir. 2007) (unpublished).

In 2008, Butler filed a motion under 28 U.S.C. § 2255, which the district court dismissed as untimely.[2] In March of 2012, Butler, acting *pro se*, filed the

---

[1]Butler called his motion a "Motion to Make Clerical Changes to Judgment and Commitment Order Pursuant to Rule 36."

[2]Butler's conviction and sentence were affirmed by our court on direct appeal on May 7, 2007. Accordingly, his conviction became final on August 6, 2007, when the time to file a petition for a writ of certiorari to the Supreme Court expired. Given the one year statute of limitations provided for 28 U.S.C. § 2255 motions, Butler had to file his motion on or before August 6, 2008 in order for it to be timely.

Rather than filing a § 2255 motion by August 6, 2008, on or about August 15, 2008, Butler submitted a handwritten motion, titled a "Motion to Extend." After noting that it lacked the authority to extend the time for filing a

(continued...)

instant Fed. R. Crim. P. Rule 36 motion to make a clerical change to the judgment against him.  He argued that "the indictment . . . charged [him] with violating 18 USC § 922(g)(1) in Count 1, but no 18 USC § 924(e)(1) was noted anywhere."  Mot. to Make Clerical Changes to J. & Commitment Order at 1-2, R. Vol. 1 at 22-23.  As he further alleged, "at no time was 18 U.S.C. 924(e)(1) in the actual counts in the indictment and as such never had to be presented to the jury."  Id. at 23.  Butler claimed his motion was "clerical, not substantial, not to be reconstrued as § 2255 or subsequent or successive § 2255 motion."  Id.

The district court rejected Butler's motion, explaining that the indictment had in fact charged Butler with a violation of 18 U.S.C. § 924(e)(1) and that his sentence had been enhanced under that section:

---

[2](...continued)
§ 2255 motion, the district court denied Butler's Motion to Extend.  On September 10, 2008, the district court finally received Butler's § 2255 motion to vacate, set aside or correct his sentence.  Even under our court's "prison mailbox rule," Butler's September 10 motion was untimely.  United States v. Gray, 182 F.3d 762, 765 n.4 (10th Cir. 1999).

The district court nonetheless considered whether Butler's August 15 "Motion to Extend" could itself be construed as a § 2255 motion, given that Butler was acting *pro se*.  While Butler claimed he planned to raise the issue of ineffective assistance of counsel, he provided no factual basis for that claim.  United States v. Fisher, 38 F.3d 1144, 1147 (10th Cir. 1994) (In affirming the dismissal of a § 2255 claim, we stated, "[a]lthough we must liberally construe Defendant's pro se petition, . . . we are not required to fashion Defendant's arguments for him where his allegations are merely conclusory in nature and without supporting factual averments.").  The court therefore concluded that Butler's "Motion to Extend" could not be construed as a § 2255 motion.

Finally, the court considered, and rejected, the idea that Butler was entitled to equitable tolling.  See, generally, Op. & Order, Supp. Vol. I at 16-21.

On January 6, 2005, defendant was charged by indictment with unlawful possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). The enhanced statutory penalty [pursuant to § 924(e)(1)] for violation of the ACCA was charged in the indictment. On September 20, 2005, the defendant was found guilty by a jury. The jury verdict also contained the statutory cite of 18 U.S.C. § 924(e)(1). The presentence investigation report determined that the defendant was an armed career criminal and outlined the statutory penalty of not less than fifteen years to life imprisonment. On January 4, 2006, the defendant was sentenced to 180 months . . ., which is the statutory minimum sentence of imprisonment that could be imposed.

Order at 1, R. Vol. 1 at 24. Because Butler's conviction and sentence were correct, the district court denied his Rule 36 motion. The district court then granted Butler's motion to proceed on appeal *in forma pauperis*. The instant *pro se* appeal followed.

## DISCUSSION

In his *pro se* brief on appeal, Butler raises a number of issues. He argues (1) that he was incorrectly sentenced as an armed career criminal based, in part, on a prior conviction for what he describes as a "walk away escape," and it was an "oversight" (correctable "at any time" under Fed. R. Crim. P. 36) to sentence him as an armed career criminal; (2) in denying his Rule 36 motion, the district court employed an overly narrow definition of "clerical error" under that rule; (3) the Supreme Court decisions in Begay v. United States, 553 U.S. 137 (2008), along with Chambers v. United States, 555 U.S. 122 (2009), reinforce his

-4-

argument that a "walk away escape" is not a violent felony under the ACCA; (4) the holdings of Begay and Chambers can be applied retroactively because they "made a substantive change to the interpretation [of] the application of how to determine 'violent' offenses required for the ACCA," Appellant's Br. at 9; and (5) the "Rule of Lenity" can be applied to the application and interpretation of Rule 36, because Rule 36 is an "ambiguous Rule of Criminal Procedure." Id. at 11.[3]

The government responds that (1) none of the relief Butler seeks is available under Rule 36 because he seeks a substantive, rather than a clerical, change in his sentence and, in any event, the indictment, verdict and judgment all clearly referenced 28 U.S.C. § 924(e)(1); and (2) Butler's Chambers/Begay argument cannot be raised on appeal because he failed to raise it in the district court; furthermore, any relief sought under Chambers/Begay must be brought pursuant to a 28 U.S.C. § 2255 motion, any § 2255 motion brought now would be considered a second or successive § 2255 motion, and Butler cannot meet the standard for presenting a second or successive § 2255 motion. We agree with the government.

We begin by reiterating our general rule that we do not consider issues raised for the first time on appeal. United States v. Viera, 674 F.3d 1214, 1220

_____

[3]Butler also suggests, without any real argument, that the definition of "violent" under the ACCA is also "ambiguous" and "outrageous." Appellant's Br. at 11-12.

(holding "as to issues that were not presented to the district court, we adhere to our general rule against considering issues for the first time on appeal"). The only issue which Butler brought before the district court was the question of whether his indictment, verdict and judgment all clearly referred to 28 U.S.C. § 924(e)(1), the sentencing enhancement provision which led to his 180-month sentence. As the district court noted, they all clearly did. We accordingly could affirm the district court's dismissal of Butler's Rule 36 motion on this basis, and need go no further in analyzing Butler's claims.[4]

Given the liberal interpretation we accord *pro se* filings, however, we will assume that Butler's arguments concerning the scope of Rule 36 are properly before us on appeal. Butler argues the district court construed the term "clerical error" in Rule 36 too narrowly and that, in any event, it was "an oversight by the [district c]ourt and the government to use [his walk away escape] as a predicate to enhance an 18 USC § 922(g) offense." Appellant's Br. at 4. These arguments provide Butler with no grounds for relief. As the government observes, Butler's argument amounts to a substantive attack on his sentence. Rule 36 does not empower a court to substantively modify a sentence. United States v. Blackwell, 81 F.3d 945, 948 n.3 (10th Cir. 1996); see also United States v. Lonjose, 663 F.3d

---

[4]We note that our court has yet to determine the standard of review for Rule 36 motions. United States v. Gutierrez, 401 Fed. Appx. 378, 380 (10th Cir. Nov. 8, 2010) (unpublished) (citing cases).

1292, 1299 n.7 (10th Cir. 2011).[5]  Nothing in the district court's imposition of sentence, including characterizing Butler as an armed career criminal, can be characterized as merely an oversight or a clerical error.  Nor can we say that the Rule of Lenity affords Butler any relief for his Rule 36 claims.

Butler's other arguments all relate, in one way or another, to the Supreme Court decisions in Chambers and Begay.[6]  In Chambers, the Supreme Court held that failing to report to a custodial institution was not a violent felony under the ACCA.  Begay, in turn, concluded that driving under the influence was also not a violent felony.  Butler argues that his "walk away escape" is similarly non-violent and should not qualify as a predicate violent felony under the ACCA.

We have previously noted that our prior case law holding that essentially all escapes were violent felonies under the ACCA, requires reanalysis after Chambers.  See United States v. Charles, 576 F.3d 1060, 1068 (10th Cir. 2009) (noting that "[w]hile Chambers did not speak directly to 'walkaway' escapes, . . . Chambers undermines our prior case law"); see also, United States v. Koufos, 666

---

[5]Rather, Butler would have to file a 28 U.S.C. § 2255 motion to seek a substantive change to his sentence.  Because he has already filed such a motion, see n. 2, supra, Butler would have to seek to file a second or successive § 2255 motion.  He fails to satisfy that requirement.

[6]There is a third Supreme Court decision relevant to the proper definition of a "crime of violence" or "violent felony" under the ACCA.  See Sykes v. United States, 131 S. Ct. 2267 (2011), which was decided before Butler's motions in the district court.  Sykes concluded that a defendant who was convicted of using a car to flee from the police had been convicted of a violent felony under the ACCA. See, generally, United States v. Koufos, 666 F.3d 1243 (10th Cir. 2011).

F.3d 1243, 1250 (10th Cir. 2011) ("In <u>Charles</u>, 576 F.3d at 1068, we recognized the need to reexamine the impact of <u>Chambers</u> on our prior holdings that all escape convictions are crimes of violence for purposes of the career offender provisions."). Butler's case is, however, not the right vehicle for such a reexamination. Butler's failure to argue this issue before the district court, despite the availability of the relevant Supreme Court cases, renders him unable to pursue this general argument now.[7]

## CONCLUSION

For the foregoing reasons, we AFFIRM the dismissal of Butler's motion.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge

---

[7]Additionally, we only have before us Butler's *claim* that his prior conviction was for a "walk away escape." We have no information concerning the details of that prior escape and conviction.