**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 3, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

SAMUEL RODRIGUEZ,

        Defendant - Appellant.

No. 12-6285
(D.C. No. 5:12-CR-00012-R-1)
(W.D. Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant and appellant, Samuel Rodriguez, pled guilty to one count of knowing and intentional distribution of five grams or more of methamphetamine, in violation of 18 U.S.C. § 841(a)(1). He was sentenced to 188 months'

_____

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

imprisonment, followed by four years of supervised release.  Arguing that his

sentence is procedurally and substantively unreasonable, he appeals.  We affirm.


## BACKGROUND

In May of 2011, an undercover law enforcement officer, acting on

information received from a confidential informant, arranged to purchase an

ounce of methamphetamine from Mr. Rodriguez at a Dollar Store in southwest

Oklahoma City.  Mr. Rodriguez instructed the officer to meet at the parking lot of

a local bar and, upon meeting there, Mr. Rodriguez discussed the price of the

methamphetamine and Mr. Rodriguez's plan to ship AK-47 rifles to Mexico.

When another man appeared, with the drugs, from a shop across the street, the

exchange of money and methamphetamine took place.  Subsequent laboratory

testing of the drug revealed that it was 26.7 grams of actual methamphetamine.

On January 17, 2012, a federal grand jury indicted Mr. Rodriguez for the

above 18 U.S.C. § 841 (a)(1) violation.  Mr. Rodriguez pled guilty.  At the time

he pled guilty to this offense, he was serving a fifteen-year sentence in the

Oklahoma Department of Corrections for a state-law drug trafficking conviction.

In preparation for sentencing on the instant offense under the advisory

United States Sentencing Commission, Guidelines Manual ("USSG"), the United

States Probation Office prepared a presentence report ("PSR").  After calculating

a base offense level of 28, the PSR determined that Mr. Rodriguez was a career

offender pursuant to USSG §4B1.1. This determination was based, in part, upon a prior conviction for assault, which Mr. Rodriguez had received in Texas and which the court determined qualified as a crime of violence, making Mr. Rodriguez eligible for career offender enhancement. This raised Mr. Rodriguez's offense level to 34. After deducting three points for acceptance of responsibility and utilizing a criminal history category of VI because of Mr. Rodriguez's career offender status, the PSR calculated an advisory sentencing range of 188 to 235 months.

Mr. Rodriguez objected to the characterization of one of his prior convictions, a Texas assault conviction, as a "crime of violence" for purposes of applying the career offender provisions. At Mr. Rodriguez's sentencing hearing, the district court overruled his objection and found that the career offender guideline provisions applied. The court stated, in part:

> I've considered the Sentencing Guidelines, which are merely advisory. I've also considered the sentencing factors set forth in 18 U.S. Code 3553. I do think a guideline sentence is appropriate here. I'll say that whether it's a guideline sentence or a sentence strictly under 18 U.S. Code 3553, I believe that a lengthy sentence of incarceration is appropriate.

R. Vol 1 at 36. With respect specifically to the career offender classification, the court stated:

> You classically fit the definition of a career offender, not just in regard to convictions we have in the presentence report, but I also think it's significant when you look at the other cases that you've been involved in just time and time again being charged and

-3-

witnesses not showing up, I think that's a very telling pattern. And I believe that the most significant thing is that you be away from society.

Id.

Mr. Rodriguez appeals his sentence, arguing that (1) his prior Texas conviction for assault does not qualify as a crime of violence and so his career offender enhancement is inappropriate; and (2) his 188-month sentence is unreasonable.

## DISCUSSION

Mr. Rodriguez challenges his sentence, which is reviewed "under an abuse of discretion standard for procedural and substantive reasonableness." United States v. Gordon, 710 F.3d 1124, 1160 (10th Cir. 2013).

### I. Career Offender/Crime of Violence

Mr. Rodriguez first argues the district court erred in applying a career offender enhancement to his sentence, based upon its conclusion that his prior conviction was a crime of violence. The propriety of the crime of violence calculation and the corollary career offender enhancement goes to the procedural reasonableness of the sentence. See United States v. Halliday, 665 F.3d 1219, 1222 (10th Cir. 2011) ("Procedural reasonableness focuses on whether the district court erred in calculating or explaining the sentence.").

Under the Guidelines, a defendant who "has at least two prior convictions of either a crime of violence or a controlled substance offense" is subject to the career offender enhancement. USSG §4B1.1(a). A "crime of violence" is defined as, in pertinent part:

> [A]ny offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –
>
> . . . .
>
> (2) is a burglary of a dwelling, arson, or extortion, involves use of explosives, or <u>otherwise involves conduct that presents a serious potential risk of physical injury to another.</u>

USSG §4B1.2(a) (emphasis added). The underlined clause ("otherwise involves . . .") is known as the residual clause and is the definition at issue in this case, inasmuch as the Texas conviction is not for one of the enumerated crimes (burglary of a dwelling, etc.). "[W]e have held that a crime of violence cannot fall under the residual clause unless it is an intentional crime—criminal recklessness is insufficient." <u>United States v. Duran</u>, 696 F.3d 1089, 1090 (10th Cir. 2012).

"Whether a prior conviction qualifies as a 'crime of violence' as defined by USSG §4B1.2(a) is a question of statutory construction that we review de novo." <u>United States v. Koufos</u>, 666 F.3d 1243, 1250 (10th Cir. 2011), <u>cert. denied</u>, 132 S. Ct. 2787 (2012). Further, "[i]n determining whether a conviction qualifies as a crime of violence under §4B1.2, we apply a categorical approach that looks to the words of the statute and judicial interpretations of it, rather than

to the conduct of any particular defendant convicted of that crime." United States v. McConnell, 605 F.3d 822, 825 (10th Cir. 2010) (quotations omitted). In applying this categorical approach, "we consider the offense generically, that is to say, we examine it in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion." United States v. Rooks, 556 F.3d 1145, 1147 (10th Cir. 2009) (quotation omitted).

If the criminal statute setting out the prior or predicate felony is "ambiguous, or broad enough to encompass both violent and non-violent crime, we employ the so-called 'modified categorical approach' which allows analysis of certain records of the prior proceeding, such as the charging documents, the judgment, any plea thereto, and findings by the sentencing court." United States v. Charles, 576 F.3d 1060, 1067 (10th Cir. 2009); see Shepard v. United States, 544 U.S. 13 (2005). An analysis under the modified categorical approach "does not involve a subjective inquiry into the facts of the case, but rather its purpose is to determine which part of the statute was charged against the defendant and, thus, which portion of the statute to examine on its face." Charles, 576 F.3d at 1067.

Mr. Rodriguez was convicted of a third degree felony of "Assault (Enhanced)" under Tex. Penal Code § 22.01:

> (a) A person commits an offense if the person:
>> (1) intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse;

-6-

. . . .

(b) An offense under Subsection (a)(1) is a Class A misdemeanor, except that the offense is felony of the third degree if the offense is committed by:

. . . .

(2) a person whose relationship to or association with the defendant is described by Section 71.00021(b), 71003, or 71.005, Family Code, if:

(A) it is shown on the trial of the offense that the defendant has been previously convicted of an offense under this chapter . . . against a person whose relationship to or association with the defendant is described by Section 71.0021(b), 71.003, or 71.005, Family Code.

Tex. Penal Code § 22.01. The "Family Code" provisions reference members of the same family or household or individuals in a dating relationship. Thus, under Texas law, the "enhanced" status attaches by virtue of the fact that the defendant had previously been convicted of the same crime (in this case, assault against one's spouse).

Specifically, Mr. Rodriguez was charged with and pled guilty to violating the Texas assault statute by knocking his wife down, pulling her hair, banging her head against a piece of furniture, and kicking her in the head. The assault charge was enhanced due to the fact that Mr. Rodriguez had previously been convicted of assaulting his wife in a prior marriage.

This circuit has previously addressed the exact Texas statute at issue here. See Duran, 696 F.3d at 1092; United States v. Zuniga-Soto, 527 F.3d 1110, 1122 (10th Cir. 2008). Those cases make it clear that the assault statute in question does not categorically qualify as a crime of violence since it can be violated by conduct that is merely reckless. So, we must apply the modified categorical approach to determine whether Mr. Rodriguez was actually charged with and pled guilty to intentionally or knowingly causing bodily injury to his spouse. See Duran, 696 F.3d at 1092 ("[W]e apply the modified categorical approach because Texas law broadly defines . . . assault to situations that might involve nonviolent or reckless acts.").

The district court had before it the essential documents relating to Mr. Rodriguez's Texas conviction, including the indictment, "Judicial Confession," "Judgment on Plea of Guilty Before the Court," and other related materials, and expressly sought to apply a modified categorical approach. But in evaluating those materials it appears that the court went astray by identifying the charged acts from the indictment and then construing what they suggested by way of intent, rather than determining what was actually charged, if anything, by way of the *mens rea* accompanying the acts. Thus, at sentencing, the court stated:

> [C]learly, from the charging papers this was an intentional act, was it not? I mean, how do you get around pulling somebody by the hair, hitting their head against furniture and pushing their—pushing the defendant, causing [her] to fall, kicking [her] squeezing about the

body with the hands, pulling [her] down on the ground. Is there any way to get around the fact that's an intentional act?

. . .

I think clearly from what the defendant pled guilty to, the charging documents that he pled guilty to, it was not reckless behavior, it was assaultive, intentional – knowing, intentional, assaultive behavior and, thus, a crime of violence[.]

R. Vol. 1 at 26-27.

In such circumstances, both Duran and Zuniga-Soto would counsel reversal of the career offender enhancement to Mr. Rodriguez's sentence.[1] However, that is not the end of the inquiry. The Texas assault statute states the levels of *mens rea* required in the alternative ("intentionally, knowingly, or recklessly" causes . . .). But the indictment in Mr. Rodriguez's case conspicuously states the charges in the conjunctive ("intentionally, knowingly and recklessly"). As relevant, the indictment reads:

[O]n or about the 23rd day of May, 2003 and anterior to the presentment of this indictment, in the County of El Paso and State of Texas, SAMMY RODRIGUEZ, hereinafter referred to as Defendant,

---

[1]As indicated above, the modified categorical approach does not involve a subjective inquiry into the facts of the case. As we stated in Zuniga-Soto:

Nor did Taylor [v. United States, 495 U.S. 575 (1990)] and Shepard [v. United States, 544 U.S. 13 (2005)] authorize sentencing courts to make independent assessments of pleaded conduct (e.g., determining whether conduct was violent or intentional) when applying an enhancement provision that requires courts to identify the elements of a prior offense.

Zuniga-Soto, 527 F.3d at 1120.

PARAGRAPH A
did then and there intentionally, knowingly <u>and</u> recklessly cause
bodily injury to JANNETTE TIJERINA, a member of Defendant's
family or household, by pushing JANNETTE TIJERINA's body with
the defendant's body, causing JANNETTE TIJERINA to fall,
. . .
PARAGRAPH B
did then and there intentionally, knowingly, <u>and</u> recklessly cause
bodily injury to JANNETTE TIJERINA, a member of Defendant's
family or household, by pulling JANNETTE TIJERINA by the hair
with the defendant's hand,
. . .
PARAGRAPH C
did then and there intentionally, knowingly, <u>and</u> recklessly cause
bodily injury to JANNETTE TIJERINA, a member of Defendant's
family or household, by banging JANNETTE TIJERINA's head
against a piece of furniture,
. . .
PARAGRAPH D
did then and there intentionally, knowingly, <u>and</u> recklessly cause
bodily injury to JANNETTE TIJERINA, a member of Defendant's
family or household, by kicking JANNETTE TIJERINA's head with
the defendant's foot, . . .

R. Vol.1 at 10 (emphasis added).

Under this language, as a matter of simple grammar, Mr. Rodriguez was charged with intentionally injuring his wife.[2] And, while at first glance it would seem that the effect of non-cohabiting words such as intentional and reckless would be to cancel each other out, Texas law explains how that is not necessarily true.

---

[2]No such comparable wording appeared in the charging documents in <u>Duran</u> and <u>Zuniga-Soto</u>.

In <u>Hicks v. State</u>, 372 S.W.3d 649 (Tex. Crim. App. 2012), the Texas Court of Criminal Appeals explained how a defendant could act with all three mens rea [intentional, knowing and reckless]:

> By definition, "reckless" is a lower level of culpability than "knowing," and "knowing" is a lower level of culpability than "intentional." Thus, a "knowing" assault is a lesser-included offense of an "intentional" assault, and a "reckless" assault is a lesser-included offense of a "knowing" assault. *Conversely, proof of a higher level of culpability constitutes proof of a lower level of culpability. Thus proof of a defendant's intentional act also proves recklessness.*

Appellee's Br. at 16 (quoting <u>Hicks</u>, 372 S.W.3d at 653 (emphasis added and footnotes omitted)).

Viewed through that lens it is clear that in his signed Judicial Confession Mr. Rodriguez confessed to intentionally injuring his wife. The confession, in relevant part, is as follows:

Judicial Confession

I, the undersigned defendant in this case, do now hereby, in open Court, <u>admit all of the allegations in the indictment</u> or information now pending in this cause including any all paragraphs alleged for purpose of enhancing punishment, and <u>confess that I committed the offense as charged in the indictment</u> or information, <u>as well as all lesser included offenses</u> arising out of the same criminal episode and admit the truth of any and all paragraphs alleged for purposes of enhancing punishment.

. . .

I, the undersigned defendant, acknowledge I have read this page and understand its content and signed it for the purpose stated above.

Appellant's Br., attach. at 16 (emphasis added).

Taking into account that confession, the Texas court then found, as relevant here, as follows:

> The Court further finds that the Defendant has admitted <u>all of the allegations charged in the indictment</u> or information on file in this cause and has, in open court, confessed his or her guilt to the offense charged.

<u>Id.</u> at 22 (emphasis added).

From this examination of the judicial documents underlying Mr. Rodriguez's Texas assault conviction, we conclude that the district court did not err when it included that conviction for purposes of the career offender enhancement. The sentence was accordingly procedurally reasonable.[3]

## II. Substantive Reasonableness of Sentence

Mr. Rodriguez also argues that the 188-month sentence is "unreasonable, excessive and greater than necessary." Appellant's Br. at 15. We review sentences under an abuse-of-discretion standard, affording substantial deference to the district court in determining "whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)," and reverse only when the district court "renders a

---

[3]The alternative reasoning we have employed for reaching the same conclusion, ultimately, as the district court, was not pursued by the parties or the court at sentencing. But it is urged by the government in its brief on appeal without objection by the defendant. In any event, we are free to affirm the district court on any ground supported by the record. <u>See</u> <u>Dummar v. Lummis</u>, 543 F.3d 614, 618 (10th Cir. 2008).

-12-

judgment that is arbitrary, capricious, whimsical or manifestly unreasonable." United States v. Martinez, 610 F.3d 1216,1226 (10th Cir. 2010). "A sentence within the correctly calculated Guidelines range is presumed to be reasonable, [and] the burden is on the appellant to rebut the presumption." United States v. Verdin-Garcia, 516 F.3d 884, 898 (10th Cir . 2008) (citation omitted).

The PSR in this case calculated Mr. Rodriguez's advisory sentencing range as 188 to 235 months, based on the career offender enhancement. The court sentenced Mr. Rodriguez at the bottom of that range. Aside from his challenge to the career offender enhancement, Mr. Rodriguez argues that "there are four aspects to this case which, considered individually or in combination, warrant a sentence below that guideline range based on consideration of the factors enumerated in § 3553(a)." Appellant's Br. at 18.

Mr. Rodriguez first argues that the purpose of the career offender enhancement supports a lower sentence for him. The PSR designated two prior convictions as predicate career offender convictions. One of these was an Oklahoma conviction for "Non-Aggravated Trafficking in Illegal Drugs." Mr. Rodriguez was initially charged with that offense in 2009, but he did not plead guilty nor was he convicted until August, 2011, after he committed the instant federal crime of methamphetamine distribution. Thus, by the time the federal prosecution commenced, he had already begun serving his fifteen-year state sentence. He claims that a plain reading of the federal career offender

-13-

statute indicates that the intent of Congress and the Sentencing Commission was "to impose a harsher punishment on a person who has committed serious crimes and been punished repeatedly." Appellant's Br. at 18. He claims that purpose was never served in his case, because he was not punished for the Oklahoma drug charge until after he committed the offense giving rise to the federal charge. He therefore says "the philosophy underlying the Career Offender enhancement was completely subverted, and [he] was punished more harshly without having had a fair opportunity to learn his lesson from the preceding punishment." Id. at 19.

Other than the "subversion" of policy, Mr. Rodriguez fails to articulate what principle of criminal justice this circumstance violates or undermines. He cites no authority for any legal error. This argument fails to undermine the presumption of reasonableness attached to his within-Guidelines sentence.

Mr. Rodriguez next argues that his status as a career offender "is a matter of prosecutorial timing." Appellant's Br. at 20. His argument here is as follows:

> this federal prosecution was based on [his] sale of methamphetamine to an undercover officer in May 2011. The evidence was there, and yet the government did not bother to filed the Indictment until January 2012, after Mr. Rodriguez had already pled guilty and been sentenced in the state case. Had the government gone ahead and arrested and charged Mr. Rodriguez when it was able to do so (i.e. between May and August 2011), he likely would have negotiated to plead both cases simultaneously in state court, or he would have resolved the federal case first as is customary for defendants facing charges in multiple jurisdictions. Had Mr. Rodriguez been charged and convicted in the second manner, the state case would not qualify as a predicate conviction for Career Offender designation.

Appellant's Br. at 19. Once again, he cites no principle of law or legal authority he claims was violated by the timing of his prosecutions and convictions. And he alleges no nefarious motive for the timing. This argument also fails to rebut the presumed reasonableness of his sentence.

Mr. Rodriguez's remaining two arguments attack the length and harshness of his sentence, given his difficult and abusive background and given the sentencing factors contained in 18 U.S.C. § 3553(a). At their essence, these arguments once again challenge the propriety of sentencing Mr. Rodriguez as a career offender, as he claims he is not really a "typical" career offender. We have already concluded that, given our standard of review and the deference owed the district court, Mr. Rodriguez's career offender sentence is reasonable. These arguments fail to rebut the presumptively reasonable sentence imposed by that court.

## CONCLUSION

For the foregoing reasons, we AFFIRM the sentence imposed in this case.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge